## SLAWSON v. ALBANY RAILWAY, appellant.

*Contract of sale — construction of.*

On the 1st of February, 1869, an agreement was made between the parties, by which the plaintiff agreed to furnish fare-boxes, etc., for the defendant's cars (fourteen in number), at $165 for each car, to be paid for in one year after being placed in the cars, or, in lieu thereof, the boxes were to be returned within the year. The defendant also agreed to conform to certain conditions and requirements as to the mode of using such fare-boxes, etc., and was to order such fare-boxes, etc., as were wanted. Seven were so ordered and delivered prior to April 1, 1869, and no others were ordered or supplied. The defendant, failing to comply with the plaintiff's terms and conditions, in respect to the use of the boxes, etc., the latter refused to supply any more, unless the terms and conditions were complied with. At that time the defendant had not offered to return the boxes, etc., delivered; *Held*, (1) that the boxes were deliverable only when ordered, and by the neglect of the defendant to order them, the plaintiff was excused from tendering performance; (2) that the sale was conditional, or upon trial, and the defendant had no right to a year's use of the boxes before the sale became absolute, and then only by a failure of the defendant to return; (3) that if the defendant wished to avoid paying for the seven boxes, they should have been returned before the end of the year given for that purpose; (4) that the plaintiff was entitled to recover the contract price of the boxes delivered and not returned, rather than upon a *quantum meruit;* (5) that the price of the seven boxes became due at the end of a year from the time they were put in the cars, upon a failure to return them, and upon an unreasonable neglect on the part of the defendant to perform the contract; (6) that the defendant had a reasonable time in which to order and take the boxes; and whether it neglected to do so within a reasonable time was a question of fact for the referee to determine; and (7) that proof of the plaintiff's readiness and willingness to furnish the remainder of the boxes was competent.

APPEAL from a judgment in favor of plaintiff, John B. Slawson, entered upon the report of a referee.

*Matthew Hale,* for appellant.

*Grenville Tremain,* for respondent.

BOARDMAN, J.

The opinion reviews the facts in the case. The head-note contains all that is important in the opinion.

*Judgment affirmed.*